IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:17cr134-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| (42) JUAN CRUZ LEON | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 1963(a) and 924(d), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

   - **One Cobra, .380 caliber automatic handgun and ammunition seized on or about August 26, 2015;**

   - **One High point C9 9mm pistol with serial number P1490224, and ammunition seized on or about April 19, 2015;**

   - **One Springfield XFD-9 9mm pistol with serial number US113144 and ammunition, seized on or about April 19, 2015;**

   - **One Glock 17 9mm with serial number FLL9881 and ammunition, seized on or about April 19, 2015; and**

   - **One Sig Sauer P228 with serial number DA016153 and ammunition, seized on or about October 13, 2015.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property acquired or maintained in violation of 18 U.S.C. § 1962, property affording a source of influence over a racketeering enterprise in violation of Section 1962, proceeds of racketeering in violation of Section 1962, and/or one or more firearms involved in a criminal violation, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 1963(a) and/or 924(d). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_For_ ANDREW CREIGHTON
Trial Attorney
MATTHEW T. WARREN
Assistant United States Attorney

JUAN CRUZ LEON
Defendant

HAAKON THORSEN
Attorney for Defendant

Signed this the 24th day of October, 2018.

HON. FRANK D. WHITNEY
CHIEF UNITED STATES JUDGE